■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES PEARSON, Appellant, v WARDEN et al., Respondents.—Judgment, Supreme Court, Bronx County (Burton Hecht, J.), entered on or about March 28, 1991, which dismissed a writ of habeas corpus, unanimously affirmed, without costs.

Petitioner was released on parole in June 1989, and almost immediately ceased reporting to his parole officer as required. A parole violation warrant was executed, charging petitioner with numerous violations of the conditions of his parole, including a November 1989 gunpoint robbery. At the final revocation hearing, petitioner pleaded guilty to failure to report to his parole officer with an explanation that he had resumed drug use, and testimony was taken regarding the November robbery. The Hearing Officer having sustained the charges, parole was revoked, and petitioner brought the instant pro se petition for a writ of habeas corpus.

There is no merit to petitioner's contention that he was

denied a fair parole revocation hearing. The record does not support his claim that cross-examination was unfairly restricted, or that the Hearing Officer was predisposed to find him guilty. The Hearing Officer properly admitted testimony regarding the complainant's on-scene identification of petitioner *(see, e.g., People v Riley,* 70 NY2d 523, 529), and did not abuse her discretion by denying petitioner's request to hear the complainant's identification testimony in his absence, or by failing to *sua sponte* adjourn the proceedings to secure additional evidence. In any event, petitioner conceded that he had engaged in some kind of confrontation with the complainant, and identification was not at issue. Finally, petitioner was not denied effective assistance of counsel at the revocation hearing. Concur—Sullivan, J. P., Milonas, Kupferman, Asch and Smith, JJ.